UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Criminal Action No. 00-cr-00439-MSK-6
Civil Action No. 16-cv-01583-MSK

**UNITED STATES OF AMERICA,**

       **Plaintiff,**

vs.

**6. WALLACE RAYMOND CROOKS,**

       **Defendant.**
_____

**OPINION AND ORDER DISMISSING § 2255 PETITION**
_____

**THIS MATTER** comes before the Court pursuant to Mr. Crooks' Motion to Vacate (**#1939**, as amended **# 1940**) pursuant to 28 U.S.C. § 2255, the Government's response (**# 1945**), and Mr. Crooks' reply **# 1946**), and Mr. Crooks' Motion to Supplement (**# 1957**), which the Court grants.

### FACTUAL BACKGROUND

In 2002, Mr. Crooks was convicted of Conspiracy to Possess With Intent to Distribute Cocaine Base in violation of 26 U.S.C. § 841. He was subsequently sentenced to 360 months imprisonment, in part due to two prior state court convictions which activated the provisions of Section 4B1.2(a) of the then-mandatory Sentencing Guidelines. That Guideline provision defines "crime of violence" in language (the "residual clause") similar to that of the Armed Career Criminal Act ("ACCA"), which the Supreme Court held was unconstitutionally vague in *Johnson v. United States*, 135 S.Ct. 2551 (2015).

Mr. Crooks appealed his sentence, but the 10th Circuit affirmed it. *U.S. v. Crooks*, 73 Fed.Appx. 353 (10th Cir. 2003). Mr. Crooks did not seek certiorari, and thus, his conviction became final in or about November 2003. Mr. Crooks then filed a petition pursuant to 28 U.S.C. § 2255 in December 2004, but it was quickly denied by the District Court. Mr. Crooks appealed that denial, but again, the 10th Circuit affirmed. *U.S. v. Crooks*, 143 Fed.Appx. 125 (10th Cir. 2005).

In the wake of *Johnson,* Mr. Crooks sought permission from the 10th Circuit to file a second or successive § 2255 petition, and on May 18, 2016, the 10th Circuit granted that permission. Mr. Crooks then filed the instant Motion to Vacate **(# 1939)** pursuant to 28 U.S.C. §2255, arguing that the reasoning of *Johnson* compels the conclusion that the provision of Section 4B1.2(a) of the Sentencing Guidelines that is similar provision of the Armed Career Criminal Act addressed in *Johnson* is also unconstitutionally vague, requiring Mr. Crooks to be resentenced.

The outcome of Mr. Crooks' petition is dictated by *U.S. v. Greer*, 881 F.3d 1241 (10th Cir. 2018). In *Greer*, the defendant, like Mr. Crooks, was sentenced under the residual clause of Guideline § 4B1.2(a), at a time when it was mandatory for sentencing courts to apply the Guidelines. In the wake of *Johnson*, the defendant in *Greer* moved to vacate his sentence under §2255, arguing that the logic of *Johnson* applied equally to the residual clause of § 4B1.2. In response, the Government argued that the defendant's petition was untimely. The 10th Circuit agreed with the Government, finding that, pursuant to 28 U.S.C. § 2255(f)(1), a *habeas* petition had to be brought within one year of the defendant's conviction becoming final – for both the defendant in *Greer* and Mr. Crooks, that time had long since passed before *Johnson* was decided. Defendants are also granted a one-year period to file § 2255 petitions if the Supreme Court

"newly recognize[s]" a right that applies to them. 28 U.S.C. § 2255(f)(3). But the 10th Circuit held that *Johnson*, a case interpreting the ACCA, did not recognize any equivalent right for defendants sentenced under § 4B1.2 of the Guidelines:

> Mr. Greer has not asserted a right recognized by the Supreme Court because Mr. Greer has not asserted that his "ACCA sentence" is no longer valid under *Johnson*. Indeed, he could make no such claim because Mr. Greer was not sentenced under the ACCA. The right that Mr. Greer "asserts" is a right not to be sentenced under the residual clause of § 4B1.2(a)(2) of the mandatory Guidelines. The Supreme Court has recognized no such right. And nothing in *Johnson* speaks to the issue.

881 F.3d at 1247. In short, *Greer* stands for the proposition that the one-year window allowing otherwise untimely *habeas* petitions based on newly-recognized rights opens only upon the Supreme Court expressly recognizing the right at issue in the particular statutory (or Guideline) context that applies to the defendant; a Circuit Court's recognition of that particular right or the Supreme Court's recognition of a similar right in an analogous context does not suffice.

*Greer* plainly requires the dismissal of Mr. Crooks' petition as untimely. It is undisputed that the Supreme Court has yet to address whether the application of § 4B1.2 during the mandatory-Guidelines regime was constitutional or not.[1] *See Beckles v. U.S.*, 137 S.Ct. 886, 903

---

[1] The Court acknowledges that there are many defendants (and others) affected by statutory schemes that are similar to the ACCA, each of whom has a colorable claim that their own sentence or punishment is unconstitutional under the reasoning of *Johnson*. *See e.g. U.S. v. Autobee*, 701 Fed.Appx. 710 (10th Cir. 2017) (defendants sentenced under 18 U.S.C. § 924(c); *Golicov v. Lynch*, 837 F.3d 1065 (10th Cir. 2016) (aliens affected by 8 U.S.C. § 1101(a)(43)(F)). As explained above, for defendants with older convictions under these statute, the rule in *Greer* prevents these defendants themselves from filing timely petitions that might work their way up to the Supreme Court. These defendants must wait until some other defendant, recently-sentenced under the same statute, is able to pursue a direct appeal or timely *habeas* petition all the way to the Supreme Court to have the constitutionality of their statute adjudicated on the merits.

For defendants in Mr. Crooks' situation – that is, defendants sentenced under a regime in which application of the Guidelines as mandatory – that presents a problem. There are likely no "recently-sentenced" defendants in that situation. There haven't been any since 2005, when the Supreme Court decided *U.S. v. Booker*, 543 U.S. 220 (2005), and presumably, by now, all pre-*Booker* defendants have exhausted their direct appeals and timely § 2255 petitions. This means

n. 4 (2017) (Ginsburg, J. concurring) (leaving open "the question whether defendants sentenced to terms of imprisonment before our decision in [*Booker*] . . .may mount vagueness attacks on their sentences"); *Greer*, 881 F.3d at 1247 ("The Supreme Court has recognized no such right"). Until it does so, Mr. Crooks is unable to file a timely petition under § 2255(f)(3).[2]

Accordingly, the Court **DISMISSES** Mr. Crooks' petition **(# 1939)** as untimely. Because the rule in *Greer* is unambiguous in its application here, the Court also denies a Certificate of Appealability.

Dated this 10th day of April, 2018.

**BY THE COURT:**

_(signature: Marcia S. Krieger)_

Marcia S. Krieger
Chief United States District Judge

---

that there is no conceivable vehicle by which a pre-*Booker* defendant will be able to get the question of the constitutionality of § 4B1.2 in a mandatory-Guidelines scheme before the Supreme Court, and, in turn, no conceivable way for defendants like Mr. Crooks to be able to bring a timely *Johnson*-type challenge to their sentences.

To the extent that this situation creates unfair disparities between pre-*Booker* defendants and others who may someday be able to seek *Johnson*-type relief, this Court is unable to resolve the problem. *Greer* unambiguously dictates the result in this case. To the extent the rule in *Greer* yields unjust results, it is the 10th Circuit, not this Court, that must address it.

[2]  The Court notes Mr. Crooks' submission **(# 1959)** of Judge Daniel's decision in *U.S. v. Parks*, D.C. Colo. Case No. 03-cr-00490-WYD, which granted § 2255 relief to another pre-*Booker* defendant on *Johnson* grounds. That decision, dated August 1, 2017, predates *Greer* and thus, is not persuasive on the issue of timeliness of the petition.